UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **AMBER LEE MAJOR** | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | Case No. 5:25-CV-00160-XR |
| | § | |
| **ALLSTATE COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

### Parties

1. Plaintiff, Amber Lee Major, is an individual that is a citizen of the State of Texas.

2. Defendant, Allstate County Mutual Insurance Company, a foreign corporation originally named in this suit as Allstate Insurance Company in the state pleading, has filed an answer in this cause.

3. Defendant, Allstate Fire and Casualty Insurance Company, is a foreign corporation doing business in the State of Texas, and may be served by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, and/or through counsel of record.  Defendant will hereinafter be referred to by name, as Defendant or as "Allstate".

### Jurisdiction

4. This action was removed by Defendant alleging diversity jurisdiction over the parties.  Plaintiff does not disagree this Court has diversity jurisdiction over the parties and this lawsuit under 28 U.S.C. §§1332 and 1441(a).

**Venue**

5.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the incident which forms the basis of this lawsuit occurred in this district.

**Facts**

6.      On or about July 13, 2023, a motor vehicle collision involving Plaintiff and a driver operating an under-insured motor vehicle occurred as follows.

7.      Plaintiff, Amber Lee Major, was traveling eastbound in the 1700 Block of NW Loop 410 in San Antonio, Bexar County, Texas. As Plaintiff slowed for traffic, the under-insured driver, Vanessa Perez was traveling directly behind the Plaintiff's vehicle, when she failed keep a proper lookout and failed to control the speed of her vehicle, colliding into the rear of Plaintiff's vehicle, causing physical injuries and damages to Plaintiff as more particularly described herein.

8.      Plaintiff Amber Lee Major sustained bodily injuries as a result of the collision the subject of this suit, as a result of the negligent action on the part of the under-insured driver, Vanessa Perez, who proximately caused the incident in question and the resulting injuries and damages sustained by Plaintiff Amber Lee Major, for which Plaintiff now seeks recovery.

**Claim for UnderInsured Benefits**

9.      On July 13, 2023, the date of the incident the subject of this suit, Amber Lee Major was covered by an automobile policy of insurance issued by Defendant, Allstate Fire and Casualty Insurance Company (hereinafter referred to as Allstate), issued for Amber Lee Major. This policy included coverage for under-insured motorist benefits. Plaintiff, Amber Lee Major, is a valid "covered person" under her Allstate policy as the insured.

10.     Defendant, Allstate Fire and Casualty Insurance Company was timely notified of

the automobile collision and that Plaintiff intended to claim under her under-insured motorist benefits coverage.

11.   Plaintiff settled the underlying liability claim against State Farm Insurance Company, the liability carrier for the at fault driver, Vanessa Perez. Plaintiff requested of Defendant Allstate, written consent to settle the underlying liability claim, and provided notice of intent to pursue under-insured motorist benefits under the Plaintiff's policy of insurance issued by Defendant Allstate Fire and Casualty Insurance Company. Defendant Allstate provided written consent to settle Plaintiff's underlying liability claim. The injuries sustained by Plaintiff were not the result of intentional acts, but were accidental and caused by the negligence of the under-insured driver, Vanessa Perez. Plaintiff hereby seeks recovery for injuries from Defendant Allstate, pursuant to the terms of her under-insured motorist policy coverage.

12.   All conditions precedent to bringing this suit have been performed and/or have occurred.

**Breach of Duties owed to Plaintiff by Defendant**

13.   On or about July 13, 2023, Plaintiff sustained bodily injuries as the direct and proximate result of the negligence of an Under-insured motorist who operated the motor vehicle in San Antonio, Bexar County, Texas, which is more particularly alleged above, such allegations incorporated by reference herein. At such time, Plaintiff was protected against loss caused by bodily injury and property damage resulting from the ownership, maintenance, or use of an Underinsured motor vehicle against the Plaintiff by policy of insurance issued by Defendant, Allstate Fire and Casualty Insurance Company.

14. Shortly thereafter, Plaintiff made demand on Defendant, Allstate Fire and Casualty Insurance Company, for payment of said damages within the policy limits available to Plaintiff, but Defendant, Allstate refused to pay such demand, and still refuses to pay Plaintiff for the full amount of the damages to which she is entitled.

15. Because Plaintiff is entitled to make a direct claim under the terms of a policy issued by the Defendant, Allstate Fire and Casualty Insurance Company, and because the claim has been submitted by Plaintiff for personal injuries, said claim is covered under the terms of the policy issued by Defendant, Allstate Fire and Casualty Insurance Company, by virtue of the special relationship between Plaintiff and Defendant, Allstate Fire and Casualty Insurance Company.

16. Defendant, Allstate Fire and Casualty Insurance Company, owed Plaintiff the duty of good faith and fair dealing with respect to Plaintiff's claim. Defendant, Allstate Fire and Casualty Insurance Company, breached these duties by refusing to pay benefits due when Defendant, Allstate Fire and Casualty Insurance Company, knew or should have known that there was no reasonable basis for refusing to adequately pay or neglecting to pay benefits due within a reasonable time. Such conduct constitutes bad faith on the part of Defendant Allstate, for its failure and/or refusal to compensate Plaintiff for her injuries and damages as provided in the policy of insurance issued by Defendant for the benefit of Plaintiff. In particular, the conduct of the Defendant, Allstate Fire and Casualty Insurance Company, was tortuous in that, among other things, Defendant Allstate offered to pay Plaintiff an amount far less than that which Plaintiff would be entitled had Allstate adequately and fairly adjusted personal injury losses claimed by Plaintiff.

17. As a proximate result of the tortuous conduct of the Defendant, Allstate Fire and Casualty Insurance Company, Plaintiff was damaged in that she not only lost those sums due and owing under the policy, but also has sustained mental anguish resulting from the refusal of the

insurance carrier to adequately provide compensation based on the injuries sustained by Plaintiff. Furthermore, the conduct of the Defendant, Allstate Fire and Casualty Insurance Company, was malicious, or done with actual conscious indifference to the rights, safety, or welfare of the Plaintiff so as to entitle Plaintiff to an award of damages for which she now sues.

### **Negligence**

18.  On the occasion in question, the under-insured driver, Vanessa Perez operated an automobile in a negligent manner and violated the duty which was owed to Plaintiff to exercise ordinary care in the operation of said motor vehicle in at least the following particulars:

a.  In failing to maintain an assured clear distance from the Plaintiff's vehicle;

b.  In operating the vehicle at a speed greater than is reasonable and prudent under the circumstances then existing;

c.  In failing to control the vehicle as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances;

d.  In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances;

e.  In failing to timely and properly apply the brakes, as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances;

f.  In failing to control the speed of her vehicle; and

g.  In demonstrating driver inattention.

19.  Each of the above acts or omissions, taken singularly or in any combination, constituted negligence and/or negligence per se, which proximately and directly caused Plaintiff's injuries and damages.

**Damages**

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Amber Lee Major, was caused to suffer bodily injuries, and to incur the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Amber Lee Major for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering which will, in all reasonable probability, be sustained in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in all reasonable probability, will be suffered in the future;

   g. Disfigurement in the past;

   h. Disfigurement which will, in all reasonable probability, be sustained in the future;

   i. Mental anguish in the past; and

   j. Mental anguish which will, in all reasonable probability, be sustained in the future.

19. By reason of all of the above, Plaintiff, Amber Lee Major has suffered losses and damages in a sum for which this lawsuit is brought.

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Amber Lee Major, was caused to suffer general bodily injuries.

21. Plaintiff is entitled to recover pre-judgment and post-judgment interest as

provided by law.

22. Plaintiff seeks monetary relief over $100,000.00.

## Jury Demand

23. Plaintiff respectfully requests a jury trial in this matter.

## Prayer

20. WHEREFORE, Plaintiff prays that Defendant be summoned to appear and answer herein and that upon final hearing, Plaintiff have judgment against Defendant for damages in excess of $100,000.00, together with all pre-judgment and post-judgment interest as allowed by law, costs of suit, and such other and further relief that Plaintiff may be justly entitled by law and equity to which the Court deems appropriate.

**Respectfully submitted,**

By: */s/ Ed Chapa*
Ed Chapa
Federal I.D.: 04113900
SBN: 04113900
P. O. Drawer 5488
2727 Morgan Avenue
Corpus Christi, Texas  78465
Email: edchapa@bonillachapalaw.com
Tel.: (361) 882-8215
Fax: (361) 881-1028
Attorney in Charge For
Plaintiff, Amber Lee Major

**CERTIFICATE OF SERVICE**

    I certify that on June 20, 2025, a true and correct copy of the foregoing document was submitted with the Clerk of Court for the U.S. District Court, Western District of Texas, using the ECF system of the Court, with electronic service on all counsel of record or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2) as follows:

Clarkson Brown<br>
PAUL GARCIA & ASSOCIATES<br>
6243 W IH-10, Suite 808<br>
San Antonio, Texas 78201<br>
service@pgtxlaw.com<br>
cbrown@pgtxlaw.com

/s/ Ed Chapa
Ed Chapa